## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LATASHA JOHNSON, for herself and as Next Friend of A.D.J., A.T.J., T.J.J. and T.F.W., the surviving minor children of Antonio L. Johnson, deceased, | ) ) ) ) ) |
| Plaintiffs, | ) **JURY TRIAL DEMANDED** |
| v. | ) ) Case No. 4:14-cv-00286 ) |
| CITY OF HAZELWOOD, CITY OF HAZELWOOD POLICE DEPARTMENT, NORMAN MARS, DANIAL KENNER, and JASON CORSON | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, as made applicable to the States through the Fourteenth Amendment against Officers Norman Mars, Danial Kenner, Jason Corson, all police officers of the City of Hazelwood, in their individual capacities, and against the City of Hazelwood and Hazelwood Police Department.

2. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This action also asserts state law assault and battery and wrongful death claims against the individual Defendants.

4. This action also asserts state law negligence claims for negligent hiring and supervision against the City of Hazelwood and the Hazelwood Police Department.

1

5. The Court can and should exercise supplemental jurisdiction over these claims, pursuant to 28 U.S.C. § 1367, as they are so related to the other claims in the action already under the Court's original jurisdiction and form part of the same case or controversy under Article 3 of the United States Constitution.

6. It is alleged that the individual police officers engaged in action which resulted in the unreasonable seizure of the decedent, Antonio L. Johnson, thereby violating his rights under the Fourth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment, which grants Plaintiff freedom from unreasonable seizure. It is further alleged that this violation was committed as a result of the policies and customs of the City of Hazelwood and Hazelwood Police Department.

7. It is alleged that the Defendants negligently caused the wrongful death of Antonio L. Johnson by responding with inappropriate force during a routine traffic stop. Plaintiffs maintain their action for wrongful death pursuant to R.S.Mo. §537.080(1).

## PARTIES

8. Decedent Antonio Johnson was a forty year-old African-American male residing in St. Louis County, Missouri at the time of his death.

9. Plaintiff LaTasha Johnson is Antonio Johnson's widow and a resident of St. Louis County, Missouri.

10. Plaintiff A.D.J. is the minor son of the decedent, Antonio L. Johnson. Plaintiff A.D.J. was sixteen (16) years old at the time of Antonio Johnson's death. The mother of Plaintiff, LaTasha Johnson, is the properly appointed Next Friend for A.D.J.

11. Plaintiff A.D.J. is a resident of St. Louis County, Missouri.

12. Plaintiff A.T.J. is the minor son of the decedent, Antonio L. Johnson.  Plaintiff A.T.J. was eleven (11) years old at the time of Antonio Johnson's death. The mother of Plaintiff, LaTasha Johnson, is the properly appointed Next Friend for A.T.J.

13. Plaintiff A.T.J. is a resident of St. Louis County, Missouri.

14. Plaintiff A.D.J. is the minor son of the decedent, Antonio L. Johnson.  Plaintiff A.D.J. was fifteen years old (15) years old at the time of Antonio Johnson's death. The mother of Plaintiff, LaTasha Johnson, is the properly appointed Next Friend for A.D.J.

15. Plaintiff T.F.W. is presumed under Missouri law to be the minor daughter of the decedent Antonio L. Johnson insomuch as she was born to Plaintiff LaTasha Johnson during her marriage to Antonio L. Johnson.  Plaintiff T.F.W. was eight (8) years old at the time of Antonio Johnson's death.  The mother of Plaintiff, LaTasha Johnson, is the properly appointed Next Friend for T.F.W.

16. Plaintiff T.F.W. is a resident of St. Louis County, Missouri.

17. Plaintiff T.J.J. is the minor son of the decedent Antonio L. Johnson.  Plaintiff T.J.J. was six (6) years old at the time of Antonio Johnson's death.  The mother of Plaintiff, LaTasha Johnson, is the properly appointed Next Friend for T.J.J.

18. Defendant Officers Norman Mars, Danial Kenner and Jason Corson were at all times relevant to this Complaint duly appointed and acting as officers of the City of Hazelwood and the City of Hazelwood Police Department, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of Hazelwood, State of Missouri.

19. Upon information and belief, all individual Defendants reside within this judicial district.

20. Defendants City of Hazelwood and the Hazelwood Police Department are located in this judicial district.

## FACTS

21. Antonio Johnson married LaTasha Johnson on July 9, 1999.  Mr. Johnson was 40 years of age at the time of the incidents described herein.

22. On July 9, 2013, Mr. and Mrs. Johnson were scheduled to celebrate their 14th wedding anniversary once Mr. Johnson finished working her shift as a stocker at a local Sam's Club.

23. Mr. Johnson was to pick up Mrs. Johnson from work and then they were going to celebrate.

24. When Mr. Johnson was late to pick up his wife from work, she became worried and called Mr. Johnson's cell phone.  When Mr. Johnson answered his cell phone, he was in police custody alongside a road in Hazelwood, Missouri.  Mrs. Johnson could hear Mr. Johnson tell an unidentified officer, "here she is right here".  Mrs. Johnson then heard an unidentified voice say "turn over" before the call was disconnected.  This is the last time Mrs. Johnson was able to speak with her husband.

25. Mrs. Johnson became frantic and started calling local police departments in an effort to locate her husband.  Mr. Johnson's brother drove Mrs. Johnson from her place of work to her home.

26. Ultimately, an unidentified individual at the Hazelwood Police Department confirmed for Mrs. Johnson that her husband was in Hazelwood's custody and that he would be permitted an opportunity to make one free phone call.  No additional information was given by the Department to Mrs. Johnson at this time.

27. Antonio Johnson never called his wife from jail and Mrs. Johnson fell asleep by her phone waiting for his call.

28. At approximately midnight that night, Mrs. Johnson woke up and called Hazelwood law enforcement authorities again.  At this time, an unidentified individual with the Hazelwood Police Department advised Mrs. Johnson that Antonio had been taken to DePaul Hospital.  Mrs. Johnson was given no information about Mr. Johnson's condition and was advised that she would not be able to see her husband in the hospital while he was in the custody of the Hazelwood Police Department.

29. At approximately 5:45 am on July 10, 2013, Mrs. Johnson received a call from a nurse at DePaul Hospital suggesting Mrs. Johnson get to the hospital because "things were not looking good".

30. Mrs. Johnson got a ride to the hospital and arrived between 7 and 8 am only to find out her husband's lungs and kidneys were failing.  Mr. Johnson was unconscious and hooked up to a dialysis machine when Mrs. Johnson arrived.  He underwent a battery of tests and brain scans.

31. Mrs. Johnson slept in Mr. Johnson's hospital room Wednesday evening as his condition continued to deteriorate.

32. Mr. Johnson's heart stopped beating Thursday, July 11, 2013.  He was briefly placed on life support, but his suffering was apparent and prognosis poor.  Mrs. Johnson authorized hospital personnel to discontinue life support on Thursday afternoon and Antonio L. Johnson was pronounced dead at 4:06 pm on July 11, 2013 of multiple organ failure.

33. How Mr. Johnson went from celebrating his 14th wedding anniversary to an early grave is the subject matter of this lawsuit.

34. Upon information and belief, Mr. Johnson encountered Defendant Sergeant Norman Mars in the area of Aubuchon and Charbonier roads in Hazelwood, Missouri at approximately 9:00 pm on July 9, 2013.

35. Mr. Johnson was not operating his vehicle when Defendant Mars, the first responding officer, arrived on the scene.  Upon information and belief, Defendant Mars suspected Mr. Johnson was recently operating his vehicle under the influence.

36. Defendant Mars placed Mr. Johnson under arrest and handcuffed Mr. Johnson's hands behind his back.

37. According to police reports, Defendant Mars' police vehicle was not equipped with a "cage" in which to confine Mr. Johnson so he called for backup to transport Mr. Johnson.

38. Between the time Defendant Mars requested assistance and the time additional officers arrived on the scene, a struggle reportedly ensued between Defendant Mars and Mr. Johnson.

39. Though Mr. Johnson remained handcuffed, Defendant Mars twice deployed his Department issued Taser X26 to drive-stun Mr. Johnson, resulting in Mr. Johnson being subjected to repeated stun cycles.

40. After twice tasing Mr. Johnson, Sergeant Mars removed his Armament Systems and Procedures ("ASP") telescopic baton and struck Mr. Johnson with approximately a dozen body blows.  Mr. Johnson remained handcuffed during this incident.

41. Defendant Kenner subsequently arrived on the scene.  Defendant Mars again deployed his department issued taser on Mr. Johnson, resulting in additional stun cycles being administered to a handcuffed and beaten and previously stunned Mr. Johnson.

42. Upon the completion of Defendant Mars' third taser cycle, Defendant Kenner deployed his department-issued taser on Mr. Johnson's back for an additional full cycle, being the fourth time Mr. Johnson was tased during his encounter with Hazelwood police.

43. Subsequently, Defendant Corson arrived on the scene.  Defendant Corson along with Defendant Kenner admittedly knelt on Mr. Johnson's back in what is described in police reports as a pain compliance maneuver and leveraged their ASP batons on Mr. Johnson's handcuffed arms as the struggle continued.

44. Mr. Johnson suffered numerous bruises, contusions, lacerations and other bodily injuries as a result of his encounter with the Defendants.

45. Upon information and belief, Mr. Johnson, who remained handcuffed throughout the period of torture described herein, was placed on a backboard and stretcher and purportedly transported by EMS directly from the scene of the arrest to DePaul Hospital in St. Louis County, Missouri.

46. In his official report, Defendant Corson recounted his final moments with Antonio Johnson this way:

> When we arrived at the hospital the subject was taken off the stretcher, still on the backboard, and placed onto a hospital bed; however, the hospital pushed him to the side and waited for approximately 3-5 minutes until they found him a room.  Once in the trauma room I was instructed by a nurse if I could release the subject from his restraints to which I complied. [sic]  I removed the handcuffs and noticed the subject was not putting up a fight.  I then moved [to] the side as the hospital staff was working on the subject.  I then later left the room.

47. At the time he was tased and beaten by Defendants, Mr. Johnson was disabled, unarmed and posed no significant threat of death or serious physical injury to any Defendant or the public. The Defendants deployed their tasers, batons, hands, feet and legs against Antonio Johnson without justification, intentionally and wrongfully, which ultimately caused Mr. Johnson's death.

48. At no point did any of the events which preceded Mr. Johnson's tasing and beating justify the actions taken by Defendants.

49. The Defendants' use of force against Antonio Johnson in effectuating their seizure of his person was objectively unreasonable.

50. At all times herein mentioned, Defendants were acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendants City of Hazelwood and Hazelwood Police Department and under authority of their respective offices as police officers.

COUNT I

(42 U.S.C. §1983 v. City of Hazelwood and Hazelwood Police Department)

51. Paragraphs 1 through 50 are incorporated herein by reference as though fully set forth.

52. The City of Hazelwood and the Hazelwood Police Department ("Hazelwood Defendants") are responsible for the training of all police officers in the proper use of department-issued tasers and batons in the performance of their duties as police officers.  Hazelwood Defendants trained the individual Defendants in the use of tasers and batons in accordance with the statutes, ordinances, regulations, customs, and usages of the Department, City of Hazelwood and State of Missouri.

53. The conduct of Hazelwood Defendants as described above deprived Johnson of Johnson's right to be secure in his person against unreasonable searches and seizures as guaranteed to Johnson under the Fourth Amendment to the United States Constitution and Johnson's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to Johnson under the Fourteenth Amendment to the United States Constitution.

54. As a direct and proximate result of the unlawful conduct of Hazelwood Defendants, Antonio Johnson was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of the individual Defendants caused or contributed to cause medical expenses, lost wages, and funeral expenses to Mr. Johnson. As a result of Mr. Johnson's death, the Plaintiffs have been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, the Plaintiffs pray for judgment for general, special, and punitive damages, in an amount to be proven at trial, for costs and expenses, their reasonable attorneys' fees, and for such other relief as the Court may deem just and equitable.

## COUNT II

(42 U.S.C. § 1983 v. Individual Defendants)

55. Paragraphs 1 – 50 are incorporated herein by reference as though fully set forth.

56. The conduct of Defendants Mars, Kenner and Corson as described above deprived Johnson of Johnson's right to be secure in his person against unreasonable searches and seizures as guaranteed to Johnson under the Fourth Amendment to the United States Constitution and Johnson's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the law as guaranteed to Johnson under the Fourteenth Amendment to the United States Constitution.

57. As a direct and proximate result of the unlawful conduct of the individual Defendants, Antonio Johnson was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of the individual Defendants caused or contributed to cause medical expenses, lost wages, and funeral expenses to Mr. Johnson. As a result of Antonio Johnson's death,

Plaintiffs have been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, the Plaintiffs pray for judgment for general, special, and punitive damages, in an amount to be proven at trial, for costs and expenses, their reasonable attorney's fees, and for such other relief as the Court may deem just and equitable.

## COUNT III

(R.S.Mo. §537.080(1) Wrongful Death/Assault & Battery v. Individual Defendants)

58. Paragraphs 1 – 50 are incorporated herein by reference as though fully set forth.

59. Plaintiffs maintain this action for wrongful death pursuant to R.S.Mo. §537.080(1).

60. As more fully set forth above, Defendants intentionally brandished their respective tasers, ASP batons and their hands, fists, knees and feet without justification causing a reasonable apprehension of harm to Johnson.

61. Defendants deployed their tasers, ASP batons, and their hands, fists, knees and feet on Johnson without justification, intentionally and wrongfully causing the death of Johnson.

62. As a direct and proximate result of the unlawful conduct of Defendants described above, Antonio Johnson was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of Defendants caused or contributed to cause medical expenses, lost wages, and funeral expenses.  As a result of Antonio Johnson's death, Plaintiffs have been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

63. Plaintiffs are entitled to recover for all damages, including pain and suffering experienced by decedent, for which decedent would be entitled to claim had death not ensued.

WHEREFORE**,** the Plaintiffs pray for judgment against the individual Defendants jointly and severally in an amount to be determined at trial together with such other and further relief as the Court deems just and proper under the circumstances.

## COUNT IV

(Negligent Hiring v. City of Hazelwood and Hazelwood Police Department)

64. Paragraphs 1 – 50 are incorporated herein by reference as though fully set forth.

65. At all times material hereto, Defendants Mars, Kenner and Corson were hired as employees of the Hazelwood Defendants.

66. At the time of the occurrence, Defendants were acting within the course and scope of their agency and/or employment by the Hazelwood Defendants.

67. Hazelwood Defendants were negligent is their hiring of Defendants Mars, Kenner and Corson in the following respects:

   a. Hazelwood Defendants failed to properly and accurately perform psychological and mental health testing of Defendants prior to employment;

   b. Hazelwood Defendants failed to properly conduct a background check on Defendants to verify they were fit for the position of police officer.

   c. Hazelwood Defendants failed to conduct a proper physical evaluation to determine whether Defendants were fit for a position as a police officer.

68. As a direct and proximate result of the negligent conduct of Hazelwood Defendants described above, Antonio Johnson was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of the individual Defendants caused or contributed to cause medical expenses, lost wages, and funeral expenses.  As a result of Antonio Johnson's death,

Plaintiffs have been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

WHEREFORE, the Plaintiffs pray for judgment against Hazelwood Defendants jointly and severally in an amount to be proven at trial together with such other and further relief as the Court deems just and proper under the circumstances.

## COUNT V

(Negligent Supervision v. City of Hazelwood and Hazelwood Police Department)

69. Paragraphs 1 – 50 are incorporated herein by reference as though fully set forth.

70. At all times material hereto, Defendants Mars, Kenner and Corson were employees of Hazelwood Defendants.

71. At the time of the occurrence, the individual Defendants were acting within the course and scope of their agency and/or employment by Hazelwood Defendants.

72. Hazelwood Defendants were negligent is their supervision of Defendants Mars, Kenner and Corson in the following respects:

    a. Hazelwood Defendants failed to properly train the individual Defendants in proper use of tasers;

    b. Hazelwood Defendants failed to properly train the individual Defendants in the proper use of ASB batons;

    c. Hazelwood Defendants failed to properly supervise and or limit the individual Defendants' use and access to department issued weapons.

    d. Hazelwood Defendants failed to restrict access to its weapons by the individual Defendants.

  e. Upon information and belief, Hazelwood Defendants improperly retained the individual Defendants after becoming aware of their unfit mental and/or psychological state.

 73. As a direct and proximate result of the negligent conduct of Hazelwood Defendants described above, Antonio Johnson was caused to suffer severe pain, mental anguish, and an agonizing death. Additionally, the actions of the individual Defendants caused or contributed to cause medical expenses, lost wages, and funeral expenses for Mr. Johnson.  As a result of Antonio Johnson's death, Plaintiffs have been deprived of the decedent's valuable services, society, companionship, comfort, instruction, guidance, counsel, training, support, love, affection and income.

 WHEREFORE, the Plaintiffs pray for judgment against Hazelwood Defendants jointly and severally in an amount to be proven at trial together with such other and further relief as the Court deems just and proper under the circumstances.

           KODNER WATKINS & KLOECKER, L.C.


        By: _____/s/__Albert S. Watkins_____
         ALBERT S. WATKINS, MO34553
         MICHAEL D. SCHWADE, MO60862
         SARAH M. KNOPLOH, MO66012
         Attorneys for Plaintiffs
         7800 Forsyth Blvd., 7th Floor
         St. Louis, Missouri 63105-3758
         (314) 727-9111
         (314) 727-9110 Facsimile