# IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| HENRIETTA JOHNSON, MICHAEL ROBINSON, and YVONNE BOOKER and next friend of C▓▓▓▓ B▓▓▓▓ ) ) ) | |
| Plaintiffs, ) | |
| Vs. ) | |
| CITY OF HAZELWOOD ) | |
| Honorable Matthew Robinson, Mayor ) Serve at: 415 Elm Grove Lane ) Hazelwood, Missouri 63042 ) | Cause No. 13SL-CC04362 |
| Edwin G. Calstrom, City Manager ) Serve at: 415 Elm Grove Lane ) Hazelwood, Missouri 63042 ) | |
| Carl Wolf, Chief of Police ) Serve at: 415 Elm Grove Lane ) Hazelwood, Missouri 63042 ) | Division No. 13 |
| And ) | |
| HAZELWOOD POLICE OFFICERS ) | Jury Trial Demanded |
| Police Sergeant Norman Mars, DSN 273 ) Serve at: 415 Elm Grove Lane ) Hazelwood, Missouri 63042 ) | |
| P.O. Daniel Kenner, DSN 407 ) Serve at: 415 Elm Grove Lane ) Hazelwood, Missouri 63042 ) | |
| P.O. Jason Corson, DSN 417 ) Serve at: 415 Elm Grove Lane ) Hazelwood, Missouri 63042 ) | |
| Lieutenant Michael Brady, DSN 234 ) Serve at: 415 Elm Grove Lane ) Hazelwood, Missouri 63042 ) | |
| Defendants. ) | |


DEFENDANT'S EXHIBIT

## FIRST AMENDED PETITION

COMES NOW the Plaintiffs, Henrietta Johnson, Michael Robinson and Yvonne Booker and as next of friend of C■■ B■■■ Antonio Johnson, Jr. and Trevin Johnson, by and through their undersigned counsel of record, and for their cause of action against the above named Defendants state and allege as follows.

## JURISDICTION

1. This action is instituted and prosecuted under and by virtue of section 537.080 et. seq. R.S.Mo. (1979) commonly known as the Wrongful Death Statute; Excessive Use of Force, denial of Medical Treatment and Bodily Integrity violations of the decedent.

2. The Plaintiff Henrietta Johnson is the mother of the decedent, Antonio Johnson, who at all times relevant to this action, is a resident of St. Louis County, Missouri respectfully.

3. The Plaintiff Michael Robinson is the father of the decedent, Antonio Johnson who at all times relevant to this action is a resident of St. Louis County, Missouri respectfully.

4. The Plaintiff Yvonne Booker is the mother of the decedent's 4 year old child, C■■ B■■■ who at all times relevant to this action is a resident of the City of St. Louis, Missouri respectfully.

5. C■■ B■■■ A■■■ J■■■■ and T■■ J■■■ are three of the surviving children of the decedent, Antonio Johnson, who at all times relevant to this action, are residents of the City of St. Louis and St. Louis County, Missouri respectfully.

6. That venue is proper pursuant to section 508.010 RSMo and the Plaintiffs described herein are the proper parties to bring this action for the wrongful death of Antonio Johnson, the decedent.

1.

7. The Defendants, Mayor Matthew Robinson, City Manager Edwin G. Calstrom and Police Chief Carl Wolf are sued in their official capacity as individuals comprising of City Officials for the City of Hazelwood and are sued as a result of their negligence in hiring, retention and supervision of their subordinants.

8. That Defendants, Police Sergeant Norman Mars, Police Officer Daniel Kenner, Police Officer Jason Corson and Lt. Michael Brady are sued in their individual capacity.

9. That Defendants, Police Sergeant Norman Mars, Police Officer Daniel Kenner, Police Officer Jason Corson and Lt. Brady, as members of the Hazelwood Police Department appointed by the Defendants Mayor Matthew Robinson, City Manager Edwin G. Calstrom and Police Chief Carl Wolf, are officers and employees of the City of Hazelwood and are paid a salary for their services and benefits that they confer upon the Defendants while working as police officers in their jurisdiction.

10. The Defendants, Police Sergeant Norman Mars, Police Officer Daniel Kenner, Police Officer Jason Corson and Lt. Michael Brady, who at all times relevant herein, are agents, servants, and employees of Defendants, Mayor Matthew Robinson, City Manager Edward G. Calstrom and Police Chief Carl Wolf, and were acting in the scope and course of that employment as police officers and, on the day of the incident herein described used excessive force in arresting the decedent.

11. That the Plaintiffs described herein are the proper parties to bring this action for Wrongful Death, including claims for use of excessive force, denial of medical attention and the decedent's right to bodily integrity.

12. That on July 9th, 2013, Hazelwood Police came into contact with the decedent who

was standing outside his parked vehicle in the 4600 Block of Aubuchon Road, St. Louis County, Missouri.

13. Defendant Police Sergeant Norman Mars, upon coming in contact with the decedent realized that he was disoriented, placed decedent in handcuffs behind his back for driving while intoxicated without determining whether there was probable cause to arrive at that conclusion in violation of Missouri Statutes.

14. After successfully placing decedent in handcuffs behind his back, Defendant Police Sergeant Norman Mars placed decedent on the ground and dispatched for a different police cruiser as his department-issued police SUV was unequipped to transport decedent from the scene of the traffic stop to the police station.

15. While waiting for a department vehicle Sergeant Mars determined that the decedent was moving his handcuffs and tased him several times.

16. Defendants Police Officer Daniel Kenner and Police Officer Jason Corson arrived at the scene shortly thereafter.

17. Upon Defendants Police Officer Daniel Kenner and Police Officer Jason Corson's arrival, all three Defendant Officers beat decedent about the head and body repeatedly, and they tased decedent over thirteen times.

18. Due to his to the seriousness of decedent's injuries, the defendants called the Robertson Fire District to convey the decedent to De Paul Hospital in St. Louis County for medical treatment.

19. Upon arrival at the scene the Robertson EMS requested on several occasions that

the handcuffs be taken off the decedent in order to render adequate medical treatment including taking blood pressure and vital signs and the officers refused.

20. On several occasions the defendant officers refused to remove the handcuffs even while transporting decedent and agreed to accept responsibility for the decedent's medical care.

21. Upon arrival at De Paul Hospital medical staff saw that the decedent's condition was deteriorating and on several occasions requested the officers to remove the handcuffs and they refused.

22. That, as a direct and approximate result of the aforesaid actions of the Defendants and Defendants' agents, servants, and employees, the decedent died.

23. Decedent was caused to suffer severe, painful and fatal injuries, that his ability to work, labor and enjoy life was permanently destroyed.

24. That, as a direct result of Defendants' actions and negligence, Plaintiffs have suffered the loss of love, loss of consortium, care, society, companionship, comfort, guidance, service, and support of the decedent all as a result of his injuries and death.

25. That, as a direct and approximate result of the aforesaid injuries and death of the decedent, Plaintiffs became obligated for necessary funeral and burial expenses in the amount of six thousand dollars ($6,000) respectfully.

26. That, Plaintiffs pray for prejudgment interest pursuant to section 408.040 Revised Statute of Missouri.

27. Wherefore, plaintiffs pray for judgment against defendants and each of them in a sum in excess of twenty five- thousand ($25,000.00) and for such further fair and equitable relief that this court deems just and proper together with prejudgment interest.

## COUNT II
## NEGLIGENT HIRING

COMES NOW Plaintiffs Henrietta Johnson, Michael Robinson and Yvonne Booker and next friend of C███ B███, A███ J███ and T███ J███, and for their cause of action against the Defendants Mayor Matthew Robinson, City Manager Edwin G. Calstrom, Police Chief Carl Wolf, Police Sergeant Norman Mars, Police Officer Daniel Kenner, Police Officer Jason Corson and Lt. Michael Brady, and for their cause of action in Count II states the following.

28. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations in paragraph 1 through 27 of Plaintiffs Petition.

29. Defendants Mayor Matthew Robinson, City Manager Edwin G. Calstrom and Police Chief Carl Wolf, Lt. Michael Brady and Sergeant Norman Mars, have a duty to provide a responsible, effectively operating policed epartment and they have a duty to set policies for the sound management and operation of the police department as well as the proper supervision of its officers and hire responsible officers.

30. The aforesaid beating of the decedent and his subsequent death was directly and proximately caused by the negligence and carelessness of the Defendants Mayor Matthew Robinson, City Manager Edwin G. Calstrom and Police Chief Carl Wolf in that Defendants were remiss in their responsibility to establish effective policies, procedures, and practices governing the operation of the City of Hazelwood Police Department including the hiring, retention, training, supervision, discipline and otherwise general control of the police officers employed by the City of Hazelwood.

31. By failing to act despite numerous instances of State Constitutional violative

5.

conduct by its officers, of which Defendants knew or should have known and tolerated thereafter, the Defendants caused the State Constitutional deprivations that decedent suffered herein.

32. In failing to hire, train, discipline, supervise, and enact effective policies related to the use of force, as described above, the Defendants intentionally disregarded known facts or alternatively were deliberately indifferent to a risk of the State Constitutional violation of which they knew or should have known and thereby ratified the misconduct and the policies, customs and practices described above, caused the violation of the decedent's State Constitutional rights.

33. That, as a direct result of the aforesaid negligence and intentional acts of Defendants and Defendants' agents, servants, and employees, the decedent suffered traumatic injuries and was cause to die.

34. Plaintiffs pray for prejudgment interest pursuant to section 408.040 Revised Statute of Missouri.

35. Wherefore, Plaintiffs pray for judgment against Defendants each of them in a sum in excess of twenty five- thousand ($25,000.00) and for such further and equitable relief that this court deems just and proper together with prejudgment interest.

## COUNT III
## NEGLIGENT SUPERVISION

COMES NOW Plaintiffs, Henrietta Johnson, Michael Robinson and Yvonne Johnson, and next friend of C___ B___, and for their cause of action against the Defendants Mayor Matthew Robinson, City Manager Edwin G. Calstrom, Police Chief Carl Wolf, Police Sergeant Norman Mars, Police Officer Daniel Kenner, Police Officer Jason Corson and Lt. Micheal

6.

Brady, and for their cause of action in Count III states the following.

36. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations in paragraph 1 through 35 of Plaintiffs' Petition.

37. That the Defendants have a duty to train its officers as to the proper procedure for determining probable cause in order to arrest a suspect for driving while intoxicated as provided by Missouri Statutes.

38. Defendants Mayor Matthew Robinson, City Manager Edwin G. Calstrom and Police Chief Carl Wolf, Sergeant Mars and Lt. Brady, have a duty to provide a responsible, effectively operating police department as well as the proper supervision of its officers.

39. The aforesaid beating and tasing death of the decedent was directly and approximately caused by the negligence and carelessness of the Defendants Mayor Matthew Robinson, City Manager Edwin G. Calstrom, Police Chief Carl Wolf, Lt. Michael Brady and Sergeant Mars in that Defendants were remiss in their responsibility to establish effective policies, procedures, and practices governing the City of Hazelwood Police Department including the effective supervision of its police officers in the use of tasing.

40. By failing to effectively train and supervise the conduct of its officers, in regards to determining probable cause to arrest a suspect for driving while intoxicated the decedent was caused to die.

41. In failing to supervise, discipline, and enact policies related to tasing and to the effective supervision of its officers, Defendants intentionally disregarded known facts or alternatively were deliberately indifferent to a risk of the Constitutional violation of which they knew of should have known and thereby ratified the misconduct and the policies, customs and practices described above, caused the death and Constitutional violation of the decedent.

7.

42. Wherefore, Plaintiffs pray for judgment against the defendants each of them in a sum in excess of twenty-five thousand dollars ($25,000.00) and for such further and equitable relief that this court deems just and proper.

## COUNT IV
## ASSAULT AND BATTERY AGAINST DEFENDANT NORMAN MARS UNDER STATE LAW

COMES NOW Plaintiffs, Henrietta Johnson, Michael Robinson and Yvonne Booker, and as next friend of C▆ B▆ A▆ J▆ and T▆ J▆ and for their cause of action against the Defendants, Mayor Matthew Robinson, City Manager Edwin G. Calstrom, Police Chief Carl Wolf, Lt. Brady, Police Sergeant Norman Mars, Police Officer Daniel Kenner and Police Officer Jason Corson, and for their cause of action in Count IV states the following.

43. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations in paragraph 1 through 42 of Plaintiffs' Petition.

44. Sergeant Mars arrested and handcuffed the decedent without determining probable cause, failed to administer the Standard Field Sobriety Test in violation of Missouri Statutes, and did not Mirandize the decedent.

45. While in custody, Police Sergeant Norman Mars, acting jointly, in unison and with a singularity purpose with co-Defendants, Police Officers Daniel Kenner and Police Officer Jason Corson, beat and excessively tased the decedent without justification or legal cause.

46. The actions of Defendant, Police Sergeant Norman Mars were unjustified, unreasonable, unwarranted and unlawful in that there were no immediate threat of harm to himself or others and the use of force upon the body of the decedent was excessive and in complete excess of any force that may have been justified to effectuate the arrest or detention of the decedent given the circumstances then and there existing.

47. Defendant Police Sergeant Norman Mars' actions were willful and wanton, carried out with actual or deliberate intention to harm with a complete indifference or reckless disregard for the safety of the decedent and others.

48. As a result of the actions of Defendant, Police Sergeant Norman Mars, the decedent sustained serious physical injuries that caused the decedent to die.

49. That, Plaintiffs pray for prejudgment interest pursuant to section 408.040 RSMo.

50. That prior to his death, the decedent suffered great pain, anxiety and emotional distress.

51. Wherefore, Plaintiffs pray for judgment against defendants each of them in a sum in excess of twenty-five thousand ($25,000.00) and for such further and equitable relief that this court deems just and proper.

## COUNT V
## ASSAULT AND BATTERY AGAINST DEFENDANT DANIEL KENNER UNDER STATE LAW

COMES NOW Plaintiffs, Henrietta Johnson, Michael Robinson and Yvonne Booker and next friend of C█ B█ A█ J█ and T█ J█ and, for their cause of action against the Defendants, Mayor Matthew Robinson, City Manager Edwin G. Calstrom, Police Chief Carl Wolf, Lt. Brady, Police Sergeant Norman Mars, Police Officer Daniel Kenner and Police Officer Jason Corson, and for their cause of action in Count IV states the following.

52. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations in paragraph 1 through 51 of Plaintiffs' Petition.

53. Defendant, Police Officer Daniel Kenner, acting jointly, in unison and with a singularity of purpose with co-Defendants, Police Officer Jason Corson and Police Sergeant Norman Mars, beat and tased decedent excessively without justification or legal cause.

9.

54. The actions of the Defendant, Police Officer Daniel Kenner, was unjustified, unreasonable and unwarranted and unlawful in that there was no immediate threat of harm to himself or others and the use of force upon the body of the decedent was excessive and in complete excess of any force that may have been justified to effectuate the arrest or detention of decedent given the circumstances then and there.

55. Defendant, Police Officer Daniel Kenner's actions were willful and wanton, carried out with actual or deliberate intention to harm with a complete indifference or reckless disregard for decedent's and others' safety.

56. That, Plaintiffs pray for prejudgment interest pursuant to section 408.040 RSMo.

57. Wherefore, Plaintiffs pray for judgment against defendants each of them in a sum in excess of twenty-five thousand dollars ($25,000.00) and for such further good and equitable relief that this court deems just and proper.

## COUNT VI
### ASSAULT AND BATTERY AGAINST DEFENDANT JASON CORSON UNDER STATE LAW

COMES NOW Plaintiff, Henrietta Johnson, Michael Robinson and Yvonne Booker, and as next friend of C███ B███ and for their cause of action against the Defendants, Mayor Matthew Robinson, City Manager Edwin G.Calstrom, Police Chief Carl Wolf, Lt. Brady, Police Sergeant Norman Mars, Police Officer Daniel Kenner and Police Officer Jason Corson, and for their cause of action in Count VI states the following.

58. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations in paragraph 1 through 57 of Plaintiffs' Petition.

59. Defendant Police Officer Jason Corson acting jointly, in unison and with singularity of purpose with co-Defendants Police Officer Daniel Kenner and Police Sergeant

10.

Norman Mars, tased and beat the decedent excessively without justification or legal cause.

60. The actions of Defendant, Police Officer Jason Corson, were unjustified, unreasonable, unwarranted and unlawful in that there was no immediate threat of harm to himself or others and the use of force upon the decedent's body was excessive and in complete excess as of any force that may have been justified to effectuate the arrest or detention of decedent given the circumstances then and there existing.

61. That, Plaintiffs pray for prejudgment interest pursuant to section 408.040 RSMo.

62. Wherefore, Plaintiffs pray for judgment against defendants and each of them in a sum in excess of twenty-five thousand dollars ($25,000.00) and for such further good and equitable relief that this court deems just and proper.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

COMES NOW Plaintiff, Henrietta Johnson, Michael Robinson and Yvonne Booker and as next friend of C▇▇▇ A▇▇J▇▇▇ and T▇J▇▇▇, and for their cause of action against the Defendants, Mayor Matthew Robinson, City Manager Edwin G. Calstrom, Police Chief Carl Wolf, Lt. Brady, Police Sergeant Norman Mars, Police Officer Daniel Kenner and Police Officer Jason Corson, and for their cause of action in Count VII states as follows.

63. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations in paragraph 1 through 62 of Plaintiffs' Petition.

64. That, the seizure, tasing, beating and unlawful killing of the decedent by Defendants Police Sergeant Norman Mars, Police Officer Daniel Kenner and Police Officer Jason Corson and witnessed by Lt. Brady, caused the decedent and his family to suffer emotional distress. Soon after his arrival at the hospital, the family of the decedent was contacted and

11.

informed that the decedent was in critical condition and urged to come to the hospital immediately.

65. That, shortly thereafter, the hospital again called decedent's family and informed them that decedent's condition had become even more grave.

66. That, upon arriving at the hospital and viewing the decedent, family members saw numerous cuts and lacerations on the decedent's wrists, face and head. There was a gaping hole in the decedent's head that had to be plugged with a surgical sponge to stop blood from gushing out. The sight of the decedent's condition traumatized his family members and threw them into shock and they continue to suffer from seeing the sight of injuries intentionally inflicted upon decedent.

67. That the family has had an opportunity to listen to Sergeant Mars' audio of his arrest and detention of the decedent which substantiates the excruciating and horrific beating that was inflicted upon the decedent and resulted in his death.

68. The Plaintiffs pray for prejudgment interest pursuant to section 408.040 RSMo.

69. Wherefore, Plaintiffs pray for judgment against the defendants and each of them in a sum in excess of twenty-five thousand dollars and for such further good and equitable relief that this court deems just and proper.

## COUNT VIII
## STATE CONSTITUTIONAL CLAIM
## EXCESSIVE FORCE

COMES NOW Plaintiff, Henrietta Johnson, Michael Robinson and Yvonne Booker, and as next friend of C█████ B████ A████ J█████ and T███ J████ and for their cause of action against the Defendants, Mayor Matthew Robinson, City Manager Edwin G. Calstrom, Police Chief Carl Wolf, Police Sergeant Norman Mars, Police Officer Daniel Kenner

and Police Officer Jason Corson, and for their cause of action in Count VIII states as follows.

70. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations in paragraph 1 through 69 of Plaintiffs' Petition.

71. That, the seizure, tasing, beating and unlawful killing of the decedent by Defendants, Police Sergeant Norman Mars, Police Officer Daniel Kenner, Police Officer Jason Corson and Lt. Brady were illegal, unjustified, unreasonable, unwarranted, and deprived the decedent of his right to life under Missouri Constitution Article 1, Section 2, 10, and 14. The foregoing acts constitute a violation of and deliberate indifference to the decedent's state constitutional rights.

72. That Defendants, Police Sergeant Norman Mars, Police Officer Daniel Kenner and Police Officer Jason Corson acting together did tase and beat the decedent excessively and they did seize the decedent in violation of decedent's state constitutional rights.

73. Defendants, Police Sergeant Norman Mars, Police Officer Daniel Kenner and Police Officer Jason Corson and Lt. Michael Brady's conduct and actions were outrageous and shock the conscience. Decedent at no time attempted to get to his feet, flee from officers or attempt to gain a position of command and or dominion over Defendants. Furthermore, when officers fired the taser decedent was handcuffed and lying on the ground at all times. The decedent was tased over 13 times delivering 50,000 volts of electricity into decedent's body each time. As a direct result of the actions of Defendants', the decedent suffered an unreasonably and unjustified death in violation and Article I, Section 2, 10, and 14 to the Missouri State Constitution.

74. The Plaintiffs pray for prejudgment interest pursuant to section 408.040 RSMo.

75. Wherefore, Plaintiffs pray for judgment against the defendants and each of them

13.

in sum in excess of twenty-five thousand dollars ($25,000.00) and for such further good and equitable relief that this court deems just and proper.

## COUNT IX
## STATE CONSTITUTIONAL CLAIM
## DENIAL OF MEDICAL ATTENTION

COMES NOW Plaintiff, Henrietta Johnson, Michael Robinson, Yvonne Booker, and as next friend of C▬ B▬ A▬ J▬ and T▬ J▬, and for their cause of action against the Defendants, Mayor Matthew Robinson, City Manager Edwin G. Calstrom, Police Chief Carl Wolf, Lt. Michael Brady, Police Sergeant Norman Mars, Police Officer Daniel Kenner and Police Officer Jason Corson, and for their action in Count IX states the following.

76. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations in paragraph 1 through 75 of Plaintiffs' Petition.

77. The Defendants, Police Sergeant Norman Mars, Police Officer Daniel Kenner, Police Officer Jason Corson and Lt. Michael Brady acted together and deprived the decedent of his right to medical attention when Defendants knowingly, intentionally and willfully interfered with decedent's right to receive medical treatment by denying EMS Technicians access to decedent to administer urgent medical care. As a result of Defendants' calous attitude towards the decedent's serious medical needs, the decedent suffered unnecessary and wanton infliction of pain and died.

78. On numerous occasions while at the scene of the incident, while in route to the hospital by ambulance and when arriving at the hospital, the defendants denied health care workers repeated requests to remove decedent's handcuffs.

79. When asked by the EMS workers if the police would accept responsibility for the

14.

decedent's medical care, Lt. Brady replied in the affirmative.

80. The Defendants, Police Sergeant Norman Mars, Police Officer Daniel Kenner Police Officer Jason Corson and Lt. Brady intentionally, unreasonably and illegally deprived the decedent of his right to receive medical treatment under Article 1, Section 2, 10 and 14 to the Missouri Constitution.

81. That, Plaintiffs pray for prejudgment interest pursuant to section 408.040 RSMo.

82. Wherefore, Plaintiffs pray for judgment against Defendants and each of them in sum in excess of twenty five- thousand dollars ($25,000.00) and for such further and equitable relief that this court deems just and proper together with prejudgment interest.

## COUNT X
## REQUEST FOR PUNITIVE DAMAGES

COMES NOW Plaintiffs Henrietta Johnson, Michael Robinson and Yvonne Booker, and as next friend of C███ B███, A███ J███ and T███ J███, and for their cause of action against the Defendants, Mayor Matthew Robinson, City Manager Edwin G. Calstrom, Police Chief Carl Wolff, Lt. Michael Brady, Sergeant Norman Mars, Police Officer Daniel Kenner and Police Officer Jason Corson, and for their cause of action in Counts X states as follows.

83. Plaintiffs re-allege and incorporate as if fully set forth herein the allegations in Paragraphs 1 through 82 of Plaintiff's Petition.

84. Defendants' actions and inactions were willful, intentional and knowingly as they inflicted deliberate violence and oppression on the decedent, with such gross negligence as to indicate a wanton disregard of the state constitutional and medical rights of the decedent.

85. Wherefore, Plaintiffs pray for punitive damages against the defendants and each

15.

of them in a sum in excess of twenty-five ($25, 000.00) and for such further good and equitable relief that this court deems just and proper.

Dated this 29 day of January, 2014.

**BOSLEY AND ASSOCIATES, LLC**

*[signature]*

Freeman R. Bosley Jr. #29341
Daniel Brown #59749
611 N. 10th Street, Ste 300
St. Louis, MO 63101
(314) 621-1744- Telephone
(314) 621-1752- Facsimile
Email: bosleyllc@sbcglobal.net
*Attorneys for Plaintiffs*
