UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA JOHNSON, for herself and as | ) | |
| Next Friend of A.D.J., A.T.J., T.J.J. and | ) | Cause No.: 4:14-cv-0286 SNLJ |
| T.F.W., the surviving minor children of | ) | |
| Antonio L. Johnson, deceased, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF HAZELWOOD, NORMAN MARS, | ) | |
| DANIAL KENNER, and JASON CORSON, | ) | |
| | ) | |
| Defendants. | ) | |

# *DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT*

COME NOW Defendants, the City of Hazelwood, Norman Mars, Danial Kenner, and Jason Corson, and for their Joint Answer to Plaintiff's Complaint (Doc. No. 1), state:

1. Defendants admit the Plaintiffs purport to bring such a cause of action against the Defendants for money damages pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, as made applicable to the States through the Fourteenth Amendment. The City of Hazelwood Police Department has been dismissed as a party Defendant by Order of the Court of December 22, 2014. Defendants deny the remainder of the allegations contained in paragraph 1, including, without limitation, that Plaintiff has failed to state a claim upon which relief may be granted to "all police officers of the City of Hazelwood, in their individual capacities."

2. Defendants admit this Court has jurisdiction regarding the allegations made in the subject matter of Plaintiffs' Complaint.

3.  Defendants admit the Complaint purports to assert a state law claim for wrongful death. Defendants deny the remainder of the allegations contained in paragraph 3, as this Court has dismissed allegations of assault and battery on December 22, 2014.

4.  Defendants deny the allegations contained in paragraph 4, as this Court has dismissed allegations of negligent hiring and supervision on December 22, 2014.

5.  Defendants state that paragraph 5 is not a factual allegation, but a conclusion of law reserved for this Court's determination.  To the extent it alleges facts against Defendants, it is denied.

6.  Defendants deny the allegations contained in paragraph 6.

7.  Defendants deny the allegations contained in paragraph 7.

8.  Upon information and belief, Defendants admit that decedent Antonio Johnson was a forty year old African-American male at the time of his death.  Defendants deny the remainder of the allegations contained in paragraph 8.

9.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 9.

10. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 10.

11. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 11.

12. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 12.

13. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 13.

14. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 14.

15. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 15.

16. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 16.

17. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 17.

18. Defendants admit at all times relevant to the Complaint Hazelwood Police Officers Norman Mars, Danial Kenner, and Jason Corson were each Public Safety officers of the City of Hazelwood Police Department, and that each Defendant acted under the color of law, statutes, ordinances, regulations, policies, customs, and usages of the City of Hazelwood, State of Missouri.  Defendants deny the remainder of the allegations contained in paragraph 18, and deny Defendants acted as alleged by Plaintiffs in the Complaint.

19. Defendants admit the allegations contained in paragraph 19.

20. Defendants admit Defendant City of Hazelwood is a municipal corporation organized and existing under the laws of the State of Missouri and located in this judicial district. Defendants deny the remainder of paragraph 20, as the Hazelwood Police Department is not a defendant in this action pursuant to this Court's Order on December 22, 2014.

## FACTS

21. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in the first sentence of paragraph 21.  Defendants admit the allegations contained in the second sentence of paragraph 21.

22. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 22.

23. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 23.

24. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 24.

25. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 25.

26. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 26.

27. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 27.

28. Defendants admit on July 9, 2013, between 2200 and 2300 hours, Hazelwood Police Lt. Mike Brady received a phone call from a female subject who identified herself as Mrs. Latasha Johnson.  Ms. Johnson was inquiring of Lt. Brady how to get her vehicle from the police tow lot.  Lt. Brady asked Ms. Johnson if she was related to the subject that had been arrested and she replied, "I'm his wife."  Lt. Brady asked Ms. Johnson if she knew if her husband was using or under the influence of any illegal drugs; she replied, "Yes."  Lt. Brady asked Ms. Johnson if she knew what type of drug her husband may have taken

and she stated, "PCP."  Lt. Brady asked if Ms. Johnson knew the last time her husband had taken PCP; she stated last week.  Lt. Brady also asked Ms. Johnson if she had seen her husband on July 9, 2013, and she stated, "No, he was coming to get me.  It's our fourteenth anniversary."  Lt. Brady advised Ms. Johnson that her husband was at DePaul hospital being treated and she could obtain her vehicle from Bob Bolin's towing.  The remainder of the allegations contained in paragraph 28 are denied.

29. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 29.

30. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 30.

31. Defendants are without information or knowledge sufficient to form a belief as to the truth of the matter asserted in paragraph 31.

32. Upon information and belief, Defendants admit Antonio Johnson died on July 11, 2013. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants admit Sergeant Norman Mars encountered Antonio Johnson in the area of Aubuchon and Charbonier Roads in Hazelwood, Missouri, at approximately 9:04 p.m. on July 9, 2013.  Defendants deny the remainder of the allegations contained in paragraph 34.

35. Defendants admit the allegations contained in paragraph 35.

36. Defendants admit the allegations contained in paragraph 36.

37. Defendants admit the allegations contained in paragraph 37.

38. Defendants admit the allegations contained in paragraph 38.

39. Defendants admit Defendant Mars deployed his department-issued Taser X26 twice in order to drive-stun Mr. Johnson, with the result that Mr. Johnson was subjected to stun cycles.  Defendants deny the remainder of the allegations contained in paragraph 39.

40. Defendants admit after Sergeant Mars tased Mr. Johnson twice, Sergeant Mars removed his Armament Systems and Procedures ("ASP") telescopic baton and stuck Mr. Johnson with approximately nine to eleven blows to his body.  Defendants admit the allegations contained in the second sentence of paragraph 40.  Defendants deny the remainder of the allegations contained in paragraph 40.

41. Defendants admit the allegations contained in the first sentence of paragraph 41. Defendants admit Defendant Mars again deployed his department-issued taser on Mr. Johnson, resulting in additional stun cycles being administered to Mr. Johnson, who was handcuffed.  Defendants deny the remainder of the allegations contained in paragraph 41.

42. Defendants admit after Defendant Mars' tasered the decedent, Defendant Kenner attempted to deploy his department-issued taser on Mr. Johnson's back area.  Defendants deny the remainder of the allegations contained in paragraph 42.

43. Defendants admit the allegations contained in the first sentence of paragraph 43. Defendants deny the remainder of the allegations contained in the remainder of paragraph 43, as phrased.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants admit Mr. Johnson was placed on a backboard and stretcher and transported by EMS directly from the scene of the arrest to DePaul Hospital in St. Louis County, Missouri.  Defendants deny the remainder of the allegations contained in paragraph 45.

46. Defendants admit Defendant Corson reported as follows:

> When we arrived at the hospital the subject was taken off of the stretcher, still on the backboard, and placed onto a hospital bed; however, the hospital pushed him to the side and waited for approximately 3-5 minutes until they found him a room. Once in the trauma room I was instructed by a nurse if I could release the subject from his restraints to which I complied. I removed the handcuffs and noticed the subject was not putting up a fight. I then moved the side as the hospital staff was working on the subject. I then later left the room.

Defendants deny the remainder of the allegations contained in paragraph 46, and further, that the statement is an erroneous and misquotation of Officer Corson's report.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants admit at all times mentioned, the individual Defendants were acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant City of Hazelwood and under authority of their respective offices as licensed Public Safety officers and as Hazelwood Police Officers.  Defendants deny the remainder of the allegations contained in paragraph 50, including for the reason the City of Hazelwood Police Department is no longer a defendant pursuant to this Court's Order on December 22, 2014.

<u>COUNT I</u>

(42 U.S.C. §1983 v. City of Hazelwood)

Defendants make no answer regarding the City of Hazelwood Police Department, as it is no longer a named Defendant pursuant to this Court's Order on December 22, 2014.

51. Paragraphs 1 through 50 above are incorporated herein by reference as though fully set forth.

52. Defendants admit the allegations contained in paragraph 52.

53. Defendants deny the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54.

WHEREFORE, Defendants pray that this Court dismiss this Count, for costs, and for such further relief as this Court deems just and proper.

<u>COUNT II</u>

(42 U.S.C. §1983 v. Individual Defendants)

55. Paragraphs 1 through 50 above are incorporated herein by reference as though fully set forth.

56. Defendants deny the allegations contained in paragraph 56.

57. Defendants deny the allegations contained in paragraph 57.

WHEREFORE, Defendants pray that this Court dismiss this Count, for costs, and for such further relief as this Court deems just and proper.

<u>COUNT III</u>

(R.S.Mo. §537.080(1) Wrongful Death v. Individual Defendants)

This Court has dismissed claims regarding Assault and Battery pursuant to the December 22, 2014 Order.

58. Paragraphs 1 through 50 above are incorporated herein by reference as though fully set forth.

59. Defendants admit Plaintiffs purport to maintain an action for wrongful death pursuant to R.S.Mo. §537.080(1), but deny there is merit to the action.

60. Defendants deny the allegations contained in paragraph 60.

61. Defendants deny the allegations contained in paragraph 61.

62. Defendants deny the allegations contained in paragraph 62.

63. Defendants deny the allegations contained in paragraph 63.

WHEREFORE, Defendants pray that this Court dismiss this Count, for costs, and for such further relief as this Court deems just and proper.

## COUNT IV

(Negligent Hiring v. City of Hazelwood and Hazelwood Police Department)

This Court has dismissed this count pursuant to the December 22, 2014 Order.

WHEREFORE, Defendants pray that this Court dismiss this Count, for costs, and for such further relief as this Court deems just and proper.

## COUNT V

(Negligent Supervision v. City of Hazelwood and Hazelwood Police Department)

This Court has dismissed this count pursuant to the December 22, 2014 Order.

## AFFIRMATIVE DEFENSES

A.     Plaintiffs' Complaint fails to state a cause of action or a claim upon which relief can be granted against these Defendants, on the grounds of, without limitation, Plaintiffs have failed to state each and every element for a cause of action based on the equal protection clause of the Fourteenth Amendment and an alleged unlawful seizure of the Fourth and Fourteenth Amendments.

B.     Defendants have official immunity from liability to plaintiffs under the allegations contained in plaintiffs' Complaint, in that defendants exercised their discretion while

performing their official duties as police officers, and are therefore, entitled to official immunity from liability under the allegations contained in plaintiffs' Complaint.

C.     Any injury or damage sustained by plaintiffs was sustained as the direct and proximate result of plaintiffs' decedent's own criminal conduct, negligence, carelessness and comparative fault and thus and thereby, plaintiffs are not entitled to recover from defendants, or any recovery of plaintiffs should be reduced by the percentage of plaintiffs' decedent's own negligence, carelessness and comparative fault contributing thereto pursuant to RSMo. § 537.060.

D.     The claims against Defendants are barred by the public duty doctrine.

E.     Plaintiffs' Complaint fails to state a claim for relief for punitive damages and in addition, to the extent that plaintiffs seek to recover punitive damages herein, plaintiffs have not stated and cannot state a claim for relief for punitive damages because of procedures for assessing punitive damages, facially and as applied to this case, violate the due process provisions of the Fourteenth Amendment of the United States Constitution and Article 1, Section 10 of the Constitution of Missouri in that:

> i.     Missouri's procedural and substantive law of punitive damages conflicts with the procedural and substantive standards set forth in the United States Supreme Court decisions in *Pacific Life Insurance Co. v. Haslip*; *State Farm v. Campbell and White v. Ford Motor.*
>
> ii.     Missouri's guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.
>
> iii.     Missouri has no objective limitations or standards that have been established concerning the amount or severity of a punitive damages award.
>
> iv.     Missouri has vague and inconsistent legal standards for the imposition of punitive damages, which deprive Defendants of sufficient notice of the type of

conduct and mental state upon which punitive damages could be awarded as a result of Defendants' alleged misconduct.

v.      Missouri permits the jury to award punitive damages that are disproportionate and have no reasonable relationship to the actual damages, Plaintiffs' injury, Plaintiffs' expenses, Defendants' conduct, and Defendants' mental state.

vi.     Missouri courts review punitive awards on the theory that the magnitude of such awards is wholly and peculiarly within the discretion of the jury; this standard provides no meaningful standard basis for review of punitive awards by either the trial or appellate courts.

vii.    Missouri's trial court and appellate courts are bound to apply vague and inconsistent standards by which to evaluate the jury's punitive damages award. Specifically, these inadequate standards include: (i) a nebulous and undefined "abuse of discretion" standard of review; (ii) a nebulous and undefined standard under which a punitive damages award may be disturbed if it is the product of "bias and prejudice;" (iii) a standard that allocates undefined, inordinate, and improper discretion to the jury without providing the jury with adequate standards to guide their discretion; (iv) a standard that is based upon an evaluation of the "proper relationship" between the degree of malice allegedly proven and the amount of the punitive damages award; however, no legal guidelines have been established that define the manner in  which a court should evaluate either the degree or nature of the alleged "malice" or the "proper relationship" between such malice and the punitive damages award.  Further, no legal standards have been established which reconcile and apply the different standards, set forth above, by which the trial and appellate courts review punitive damages awards.

viii.   Missouri improperly permits plaintiffs to submit punitive damages to the jury based upon a defendants' conduct which, as a matter of law, was not willful or reckless.   Punitive damages are not constitutionally permissible for mere negligent conduct, assuming defendant's conduct even meets this standard.

ix.     Missouri's approved jury instructions for punitive damages do not provide the jury with sufficiently specific and objective standards to guide its discretion in awarding punitive damages. These instructions fail to inform the jury of its duty to consider the character and degree of the wrong as shown by the evidence.  The instructions also fail to inform the jury that the defendant's net worth may not be considered in deciding whether to award punitive damages.

x.      Missouri law does not contain adequate and objective procedures and standards or instructions that guide the jury, trial, and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages.

xi.     Missouri law does not have adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

xii.    Missouri courts are not required to explain the basis for their decisions concerning punitive damages awards.  Missouri, therefore, affords no procedure for meaningful review of punitive damages by either the trial or the appellate courts.

xiii.   Missouri does not provide adequate and objective standards and procedures to instruct the jury to ensure in the post-trial review by the trial and appellate courts that any punitive damages award has an understandable relationship to the actual or compensatory damages award.

xiv.    Missouri does not require the standard of proof for the imposition of punitive damages to be "beyond a reasonable doubt."

xv.     Missouri does not provide objective standards and procedures to prevent the plaintiff from receiving an unfair windfall of money as a result of a punitive damages award.

xvi.    Missouri does not have legal standards which would unconditionally prohibit in all cases an award of multiple punitive damages awards and punishments against a defendant who has already been subjected to punitive damages in a prior case based upon the identical or similar conduct.  These multiple awards amount to civil and criminal fines and punishments and are prohibited under Article I, Section 21 of the Missouri Constitution and are also prohibited under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution.

xvii.   Based on the Due Process Clause contained in Article I, Section 10 of the Missouri Constitution, a corporate defendant should not be held to be vicariously liable for acts or omissions of its agent without a showing of complicity.

xviii.  An award of punitive damages under Missouri law violates the Eighth Amendment to the United States Constitution and Article I, Section 21 of the Constitution of Missouri, which prohibit excessive fines because fifty percent of any final judgment awarding punitive damages is payable to the State of Missouri under Mo. Rev. Stat. Ann. § 537.675.  That portion of the punitive award therefore constitutes a fine payable to the State, but the State of Missouri has established no standards or limits upon the amount of punitive damages which may be awarded in a particular case, and has not provided procedural safeguards, including a requirement of proof beyond a reasonable doubt, necessary for imposition of fines.

F.   Plaintiffs' claim for punitive damages is not allowed by the Missouri Wrongful Death Statute, R.S.Mo. § 537.080, which only provides for a specific grounds for relief regarding aggravating circumstances.

G.   Defendants' Motion to Dismiss is incorporated as if fully stated herein.

H.   Defendant has adopted a home rule charter which was in place on July 9, 2013 (the date of the alleged incident), Defendant has a population over three thousand and less than one hundred thousand, and, pursuant to the Charter of the City of Hazelwood, Article XII, Section 10, "No action shall be maintained against the City for or on account of any injury growing out of alleged negligence of the City unless notice shall first have been given in writing to the City Manager.  Such notice shall be given within ninety (90) days of the occurrence for which said damage is claimed, and it shall state the place, time, character, and circumstances of the injury, and that the person so injured will claim damages therefor from the City."   Plaintiffs' claim is barred as Plaintiffs have failed to provide notice in accordance with said section.

I.   Any injury or damage, if any, directly and proximately resulted from decedent's voluntary drug intoxication, and not the fault or wrongful conduct of any Defendant.

J.   Defendants are entitled to qualified immunity regarding the claims made against them, including without limitation there is no fundamental right that was clearly established at the time of the events described in the Complaint for the decedent to refuse to obey the lawful direction of a police officer, and thus and thereby, Plaintiffs are not entitled to recover from the Defendants.

K.   The City of Hazelwood is entitled to dismissal as the law was not clearly established at the time of the subject incident that the actions made by the officers pursuant to policy were in violation of Plaintiff's constitutional rights.

L.   Any force used against the decedent was the direct result of the decedent's own voluntary and consensual instigation of unreasonable behavior against any Defendant, and thus and thereby, the decedent consented to the acts of the Defendants in defending themselves and/or others against the decedent.

M.   Any actions of the Defendants were taken in their own self-defense or defense of others, and were therefore justified.

O.   Any state law claim against the Defendants in their "official capacity" is barred by operation of sovereign immunity and that such a claim is redundant against any claim against the City of Hazelwood (who is also immune from such state law claims for sovereign immunity).

P.   Neither the State of Missouri nor its officials acting in their official capacity are "persons" under 42 U.S.C. § 1983, therefore cannot be liable in their official capacity pursuant to any claims raised thereunder.

Q.   Any force used and any act of any Defendant was undertaken pursuant to law and in the course of the Defendants' official sworn duties as a law enforcement officer, was reasonable in nature and was based upon both probable cause and reasonable suspicion the decedent had violated the laws and ordinances of the State of Missouri and the City of Hazelwood, that every search, seizure, arrest, and detention of the decedent took place pursuant to law and was reasonable in manner and duration.

R.   Plaintiffs have a duty to mitigate their damages, and have failed to do so.

S.      Defendants deny each and every other allegation in Plaintiffs' Complaint not specifically

admitted to herein;

T.      Defendants reserve the right to make additional affirmative defenses in the course of

discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants move the Court

dismiss Plaintiffs' Complaint against them, to award their costs and fees expended to them, and

for such other and further relief as the Court deems proper.


                                        /s/Peter J. Dunne
                                        Peter J. Dunne   #31482
                                        Robert T. Plunkert   #62064
                                        PITZER SNODGRASS, P.C.
                                        Attorney for Defendants
                                        100 South Fourth Street, Suite 400
                                        St. Louis, Missouri 63102-1821
                                        (314) 421-5545
                                        (314) 421-3144 (Fax)
                                        Email: dunne@pspclaw.com
                                        Email: plunkert@pspclaw.com


A copy of the foregoing filed electronically with the Clerk of the Court this 2nd day of
January, 2015, to be served by operation of the Court's electronic filing system upon the
following:  **Daniel R. Brown.**, Attorney for Plaintiff, at dbrown@smithbrownllc.com and
**Michael Schwade** at Michael.schwade@gmail.com.


                                        /s/Peter J. Dunne

/mef
January 2, 2015